UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZAEL DYTHIAN PERALES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | NO. SACV 10-1472 JVS (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

On September 29, 2010, Petitioner, proceeding *pro se*, filed an "Application for Writ of Habeas Corpus" ("Petition"). Although captioned as a petition for writ of habeas corpus, it plainly appears from the face of the Petition that this Court does not have habeas jurisdiction. Petitioner is not incarcerated or in custody. *See* 28 U.S.C. §§ 2241(c), 2254(a). Petitioner does not challenge a judgment, conviction, or sentence. *Id.* He meets none of the requirements set forth in 28 U.S.C. § 2241(c). Instead, the Petition, which names the United States, President Obama, Secretary of State Clinton, and an assortment of other

governmental figures, is virtually unintelligible.[1]  *See, e.g., Perales v. United States*, Case No. SACV 10-1250 JVS (AGR) (C.D. Cal. 2010); *Perales v. Cochran Law Firm*, Case No. SACV 10-1138 JVS (AGR) (C.D. Cal. 2010); *Perales v. Apex Building Maintenance*, Case No. CV 10-16-UA-DUTY (C.D. Cal. 2010), Dkt. No. 2 (order denying leave to file action without prepayment of filing fee and collecting previous denials).[2]

A petition for writ of habeas corpus is subject to summary dismissal when it plainly appears on the face of the petition that the petitioner is not entitled to relief.  *Cf.* Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts ("[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," judge must dismiss petition and direct clerk to notify petitioner); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Summary dismissal is appropriate here because there is no basis for habeas jurisdiction.  The Petition is not cognizable under habeas and is frivolous. *See Mayle v. Felix*, 545 U.S. 644, 669-70, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("the purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer").

---

[1]  Petitioner begins the pleading by addressing the Chief Judge of the United States District Court for the Eastern District of Tennessee.  (Petition at 1.)

[2]  *See also Perales v. Wilshire Restaurant Group*, Case No. SACV 09-1255-UA-DUTY (C.D. Cal. 2009).

1 | IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition.

DATED: October ___, 2010

_____
JAMES V. SELNA
United States District Judge

Presented by:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge